Jones, J.
It is evident that the foundation on which this action rests is the alleged existence of an artificial canal constructed and extended by the public authorities, and the supposed legal result therefrom that the plaintiff has a right to have such canal kept open and free for the flow of water. If either the alleged fact does not exist, or the supposed legal result does not follow from it, the foundation of the action being gone, the action itself must fall with it. Now the answer, among other things, denies that an artificial canal constructed and extended by the public authorities exists. From the affidavits and a personal view of the premises, I am satisfied that such artificial canal does not and never did exist. Consequently the plaintiff upon his present cause of action cannot succeed, *224 and therefore is not entitled to retain his injunction. The plaintiff" not being entitled to retain his injunction for this reason, it is not necessary to consider the question whether if such canal did exist, the plaintiff would have a legal right to have it kept open. There has been considerable proof adduced on both sides, on the existence over the premises in question of a water-course, which the defendants threaten to interrupt and divert, but it is unnecessary on this motion to decide upon that. The plaintiff" has not based his action on the existence of any such supposed water-course. He cannot support his allegation of an artificial canal by proof of a water-course. To authorize him to introduce proof of the existence of a water-course which the defendants threaten to interrupt, he must found his action thereon, and allege the existence and threatened interruption. Since, then, under the issue as it now stands, the plaintiff could not at the trial maintain his right to a judgment perpetually enjoining the defendants on the ground of a threatened interruption of a water-course, he cannot on that ground now maintain his right to an order to. that effect, temporarily.
The plaintiff may test the accuracy of the views above expressed by appeal; or, conceding their correctness, apply for leave to amend his complaint by alleging as his cause of action, the existence of a water-course and a threatened interruption thereof by the defendants; or discontinue this action and commence another, setting forth as its cause of action the existence of such a water-course and interruption of its water. If he elects to so amend or commence such new action, and the defendants deny the existence of such water-course, the question will then legitimately arise whether a water-course does in fact exist, and if it does, then as to what the rights of the respective parties are in respect thereto.
The motion to dissolve the injunction must be granted, *225 with $10 costs, hut the dissolution is not to take effect until the order dissolving the injunction shall be settled and entered. The defendants to draft the order and procure it to be settled by me on two days’ notice to the plaintiff, and, after settlement, to enter it.